1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

11

PHILIP BAUTISTA,

12
                                              Plaintiff,

        vs.

13

14

BANK OF AMERICA, OLD REPUBLIC
EQUITY CREDIT SERVICES,

15
                                              Defendants.

16

CASE NO. 08CV0685-LAB (LSP)

**ORDER TO SHOW CAUSE RE: JURISDICTION**

17      On April 15, 2008, Plaintiff, who is proceeding *pro se*, filed his complaint in this action

18  seeking damages for alleged violations of the Fair Debt Collection Practices Act and other

19  federal statutes in connection with foreclosure proceedings.  This case was initially assigned

20  to Judge Napoleon Jones, but following Judge Jones' recusal, it was reassigned to this

21  Court.

22      A summons was issued on April 15, 2008, but no proof of service has been filed[1] nor

23  have Defendants appeared in this case.  Nevertheless, the Court is under a continuing

24  obligation to examine its own jurisdiction.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231

25

26      [1] Plaintiff did attach a page identified as a certificate of service showing Plaintiff
27  mailed a copy of the complaint without the summons to a non-party, Regional Trustee
    Services Corporation in Seattle, Washington. (Complaint at 5.)  He also attached a blank,
    unsigned Declaration of Service on Bank of America. (*Id.* at 7.)  Because Plaintiff filed the
28  Complaint before the summons was issued, Plaintiff obviously did not serve a copy of the
    summons and complaint on either Defendant.  *See* Fed. R. Civ. P. 4(c)(1).

1  (1990) ("[F]ederal courts are under an independent obligation to examine their own

2  jurisdiction. . . .") (citation omitted).

3          As the party invoking the Court's jurisdiction, Plaintiff bears the burden of showing the

4  Court has legal power to act in this case. *Harris v. Provident Life and Accident Ins. Co.*, 26

5  F.3d 930, 932 (9th Cir. 1994) (further citation omitted).

6          The Complaint mentions both federal question jurisdiction and diversity jurisdiction.

7  While the amount in controversy has been pleaded, citizenship of the parties has not been

8  alleged, so only federal question jurisdiction is supported by the pleadings. *See* 28 U.S.C.

9  § 1332(a).

10          The Complaint mentions foreclosure proceedings in another court, possibly San

11  Diego County Superior Court. (Complaint, ¶¶ 1–8.) Apparently Plaintiff's property has

12  already been sold at auction. (*Id.*, ¶ 7.) Therefore, it is probable proceedings are already

13  completed. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review

14  state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486

15  (1983). Plaintiff may have raised as defenses the same issues he now raises as claims in

16  this case. Plaintiff has not explained why this Court has jurisdiction to review the judgment

17  of the court in which foreclosure proceedings took place.

18          Even if proceedings were still ongoing, it is likely the Court should abstain until state

19  court proceedings are concluded, under the doctrines of *Colorado River Water Conservation*

20  *Dist. v. United States*, 424 U.S. 800 (1976) or *Younger v. Harris*, 401 U.S. 37 (1971)

21  (extended to certain civil actions by *Middlesex County Ethics Committee v. Garden*, 457 U.S.

22  423 (1982)). *See Novak v. Washington Mut. Bank, FA*, 2008 WL 423511, slip op. at *2

23  (N.D.Ohio, Feb. 14, 2008) (holding because foreclosure matters were "of paramount state

24  interest,"*Younger* abstention was required when foreclosure proceedings were pending in

25  state court). *Cf. Rowland v. Novus Fin'l Corp.*, 949 F. Supp. 1447, 1456 (D. Haw. 1996)

26  (holding that *Younger* abstention was inappropriate in federal Truth in Lending Act action in

27  spite of underlying state court foreclosure action, where federal action did not call state

28  / / /

1    action into question). Because Plaintiff has failed to provide information about foreclosure

2    proceedings in other courts, the Court cannot evaluate the propriety of such an abstention.

3         Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be

4    dismissed for failure to invoke the Court's jurisdiction.  He may also show cause by

5    amending the Complaint to show why this Court has jurisdiction. Plaintiff believes

6    amendment is unnecessary, he may file a memorandum of points and authorities explaining

7    why this is so.  The memorandum must not exceed five pages in length, not counting any

8    appended or lodged materials. Regardless of whether Plaintiff amends his Complaint or files

9    a memorandum, he is directed to identify the property at issue and give details of the

10   foreclosure proceedings, including naming the court, identifying the case, and stating

11   whether proceedings are ongoing or have been completed.

12        Plaintiff must show cause in one of these two ways no later than **21 calendar days**

13   **from the date this order is issued**.  **If Plaintiff fails to show cause as ordered, this**

14   **action will be dismissed without further notice to him.**

15        **IT IS SO ORDERED**.

16   DATED: May 21, 2008

17   _Larry A. Burns_

18   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

19

20

21

22

23

24

25

26

27

28