**FOLEY & LARDNER LLP**
402 W. BROADWAY, SUITE 2100
SAN DIEGO, CA 92101-3542
TELEPHONE:   619.234.6655
FACSIMILE:   619.234.3510

ANDREW B. SERWIN, CA BAR NO. 179493
WILLIAM T. YOON, CA BAR NO. 245586
Attorneys for Defendant OLD REPUBLIC EQUITY CREDIT SERVICES, INC.
erroneously sued as  OLD REPUBLIC EQUITY CREDIT SERVICES

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP BAUTISTA,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA; OLD REPUBLIC EQUITY CREDIT SERVICES,<br><br>    Defendants. | Case No:  08CV0685-LAB (LSP)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT OLD REPUBLIC EQUITY CREDIT SERVICES' MOTION TO DISMISS PURSUANT TO FRCP 12(B)(1) AND/OR 12(B)(6)**<br><br>DATE: JULY 28, 2008<br>TIME: 11:15 A.M.<br>COURTROOM: 9<br><br>Judge:        Hon. Larry Alan Burns |

## INTRODUCTION

Defendant Old Republic Equity Credit Services, Inc. ("Old Republic"), erroneously sued as Old Republic Equity Credit Services, hereby submits its motion to dismiss plaintiff Philip Bautista's ("Bautista") complaint ("Complaint") for lack of jurisdiction and/or failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). Old Republic moves the Court to dismiss this Action on the grounds that the Court lacks jurisdiction over Old Republic and/or plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

On April 15, 2008, plaintiff Bautista filed a complaint seeking damages for alleged violations of the Fair Debt Collection Practices Act and other federal statutes in connection with foreclosure proceedings. While the Complaint states that "there is diversity of jurisdiction," it fails to set forth facts which would support a determination of such jurisdiction. – e.g., the citizenship of the parties named in the Complaint. (*See* Complaint 1:25-8.)

Furthermore, while the Complaint seeks "$500,000 for violation of the title 11 of the U.S. Bankruptcy Code with unlawful foreclosure proceedings" against Old Republic, it fails to offer facts which would even begin to support such prayer of relief. (Complaint 3:27-8.) The Complaint cursorily references "foreclosure proceedings" but fails to offer much else from a factual standpoint – e.g., date, venue of the foreclosure proceedings, the involvement of the parties named in the Complaint.

## LEGAL ANALYSIS

**I.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(1).**

*A.    The Complaint does not adequately invoke jurisdiction*

Bautista, as the plaintiff, has failed to invoke this Court's jurisdiction, and consequently, his Complaint should be dismissed. When drafting and filing a complaint, a plaintiff must properly assert a court's jurisdiction over the matter to be adjudicated. Consequently, a plaintiff bears the burden of showing that a court has legal power to act in his case. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930,932 (9th Cir. 1994) (further citation omitted). In this case, Bautista has clearly failed to do so.

While the Complaint states that "there is diversity of jurisdiction," it does not allege citizenship of the parties as necessary. (Complaint 1:25-9.) Therefore, Bautista has not met his burden of showing that jurisdiction exists for adjudication of the Complaint before this Court. Consequently, Old Republic respectfully requests that the Court dismiss the Complaint on the grounds that Bautista has not met his burden of

pleading jurisdiction.

      B.    *Bautista has failed to explain why this Court has jurisdiction to review a foreclosure proceeding before another court.*

The Complaint alleges foreclosure proceedings in another court. (Complaint, ¶¶ 1-8.) As such, the Complaint suggests that Bautista's property may have already been sold at a foreclosure proceedings. (*Id.*, ¶ 7.) If such foreclosure proceedings have indeed come to a conclusion, this Court will not have the jurisdiction to review the proceedings. This is because, under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments. *District of Columbia Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Bautista may have previously asserted the claims in the Complaint as defenses in the foreclosure proceedings, and in this case, he has failed to show why this Court has jurisdiction to review the judgment of the court, which oversaw the foreclosure proceedings.

Alternatively, even if foreclosure proceedings were yet to be finalized, a federal court would be inclined to abstain from review of such matters until state court proceedings are concluded, under the doctrines of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) or *Younger v. Harris*, 401 U.S. 37 (1971). *See Novak v. Washington Mut. Bank*, *FA*, 2008 WL 423511, slip op. at *2 (N.D.Ohio, Feb. 14, 2008) (holding because foreclosure matters were "of paramount state interest," *Younger* abstention was required when foreclosure proceedings were pending in state court.) In this case, Bautista has not alleged information about foreclosure proceedings in other courts, which would then allow this Court to evaluate the propriety of abstention and review of the proceedings. Therefore, Old Republic respectfully requests that the Court dismiss the Complaint for lack of jurisdiction.

**II.**    <u>**THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6).**</u>

The Complaint fails to state a claim upon which relief can be granted. A dismissal under FRCP 12(b)(6) is proper when a complaint fails to set forth sufficient facts to

3

support a cognizable legal theory.  *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In this case, the Complaint seeks "$500,000" from Old Republic for "violation of the title 11 of the U.S. Bankruptcy Code with unlawful foreclosure proceedings" – presumably under 11 U.S.C. § 362(c).  (Complaint 3:27-8).  However, aside from alluding to "foreclosure proceedings," the Complaint fails to set forth any other facts which would support a cognizable legal theory – e.g., dates of the foreclosure proceedings, the presiding court, the nature of the proceedings, and the parties involved in such proceedings.  Absent such facts, the Complaint leaves Old Republic with nothing but a foreclosure proceeding, a purported violation of Title 11, and $500,000 in damages.  This showing falls well below the standard of notice pleading in federal court.  Therefore, Old Republic respectfully requests that the Court grant its motion to dismiss Bautista's Complaint pursuant to FRCP 12(b)(6).

## CONCLUSION

For the reasons set forth above, Old Republic respectfully requests that the Court grant its motion to dismiss Bautista's Complaint for lack of jurisdiction and/or failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(1) and 12(b)(6) respectively.

Dated:  June 9, 2008

FOLEY & LARDNER LLP
ANDREW B. SERWIN
WILLIAM T. YOON

By:       /s/ Andrew B. Serwin
ANDREW B. SERWIN
Attorneys for Defendant OLD REPUBLIC EQUITY CREDIT SERVICES, INC., erroneously sued as OLD REPUBLIC EQUITY CREDIT SERVICES

4
OLD REPUBLIC EQUITY CREDIT SERVICES' MOTION TO DISMISS
CASE NO. 08CV0685-LAB (LSP)
SDCA_1177471.2