UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
880 FRONT STREET, SUITE 4290
SAN DIEGO, CALIFORNIA 92101-8900

OFFICIAL BUSINESS

Philip Bautista
1501 Front Street #409
San Diego, CA 92101

JUN 16 2008

NIXIE         921  DC 1         00   06/12/08
              RETURN TO SENDER
              ATTEMPTED - NOT KNOWN
              UNABLE TO FORWARD

BC: 92101892965          *0304-01173-28-37

neopost
Mailed From 92132
US POSTAGE  $00.590
049J82045252

MIME-Version:1.0 From:efile_information@casd.uscourts.gov To:casd.uscourts.gov Bcc: Message-Id:<2614030@casd.uscourts.gov>Subject:Activity in Case 3:08-cv-00685-LAB-LSP Bautista v. Bank Of America et al Order to Show Cause Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or *directed* by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.'

## U.S. District Court

## Southern District of California

**Notice of Electronic Filing**

The following transaction was entered on 5/23/2008 at 8:36 AM PDT and filed on 5/22/2008

| | |
|---|---|
| **Case Name:** | Bautista v. Bank Of America et al |
| **Case Number:** | 3:08-cv-685 |
| **Filer:** | |
| **Document Number:** | 5 |

**Docket Text:**
ORDER TO SHOW CAUSE Re Jurisdiction: Plaintiff is ordered to show cause why this action should not be dismissed for failure to invoke the Court's jurisdiction. He may also show cause by amending the Complaint to show why this Court has jurisdiction. If Plaintiff believes amendment is unnecessary, he may file a memorandum of points and authorities explaining why this is so. Plaintiff must show cause in one of these two ways no later than 21 calendar days from the date this order is issued. Signed by Judge Larry Alan Burns on 5/21/08. (pdc)

**3:08-cv-685 Notice has been electronically mailed to:**
**3:08-cv-685 Notice has been delivered by other means to:**
Philip Bautista
1501 Front Street
#409
San Diego, CA 92101

The following document(s) are associated with this transaction:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP BAUTISTA,<br><br>                    Plaintiff,<br>vs.<br><br>BANK OF AMERICA, OLD REPUBLIC EQUITY CREDIT SERVICES,<br><br>                    Defendants. | CASE NO. 08CV0685-LAB (LSP)<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

On April 15, 2008, Plaintiff, who is proceeding *pro se*, filed his complaint in this action seeking damages for alleged violations of the Fair Debt Collection Practices Act and other federal statutes in connection with foreclosure proceedings. This case was initially assigned to Judge Napoleon Jones, but following Judge Jones' recusal, it was reassigned to this Court.

A summons was issued on April 15, 2008, but no proof of service has been filed[1] nor have Defendants appeared in this case. Nevertheless, the Court is under a continuing obligation to examine its own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231

---

[1] Plaintiff did attach a page identified as a certificate of service showing Plaintiff mailed a copy of the complaint without the summons to a non-party, Regional Trustee Services Corporation in Seattle, Washington. (Complaint at 5.) He also attached a blank, unsigned Declaration of Service on Bank of America. (*Id.* at 7.) Because Plaintiff filed the Complaint before the summons was issued, Plaintiff obviously did not serve a copy of the summons and complaint on either Defendant. *See* Fed. R. Civ. P. 4(c)(1).

- 1 -

08cv0685

1 (1990) ("[F]ederal courts are under an independent obligation to examine their own jurisdiction. . . .") (citation omitted).

As the party invoking the Court's jurisdiction, Plaintiff bears the burden of showing the Court has legal power to act in this case. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (further citation omitted).

The Complaint mentions both federal question jurisdiction and diversity jurisdiction. While the amount in controversy has been pleaded, citizenship of the parties has not been alleged, so only federal question jurisdiction is supported by the pleadings. *See* 28 U.S.C. § 1332(a).

The Complaint mentions foreclosure proceedings in another court, possibly San Diego County Superior Court. (Complaint, ¶¶ 1–8.) Apparently Plaintiff's property has already been sold at auction. (*Id.*, ¶ 7.) Therefore, it is probable proceedings are already completed. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). Plaintiff may have raised as defenses the same issues he now raises as claims in this case. Plaintiff has not explained why this Court has jurisdiction to review the judgment of the court in which foreclosure proceedings took place.

Even if proceedings were still ongoing, it is likely the Court should abstain until state court proceedings are concluded, under the doctrines of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) or *Younger v. Harris*, 401 U.S. 37 (1971) (extended to certain civil actions by *Middlesex County Ethics Committee v. Garden*, 457 U.S. 423 (1982)). *See Novak v. Washington Mut. Bank, FA*, 2008 WL 423511, slip op. at *2 (N.D.Ohio, Feb. 14, 2008) (holding because foreclosure matters were "of paramount state interest," *Younger* abstention was required when foreclosure proceedings were pending in state court). *Cf. Rowland v. Novus Fin'l Corp.*, 949 F. Supp. 1447, 1456 (D. Haw. 1996) (holding that *Younger* abstention was inappropriate in federal Truth in Lending Act action in spite of underlying state court foreclosure action, where federal action did not call state

///

action into question). Because Plaintiff has failed to provide information about foreclosure proceedings in other courts, the Court cannot evaluate the propriety of such an abstention.

Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this action should not be dismissed for failure to invoke the Court's jurisdiction. He may also show cause by amending the Complaint to show why this Court has jurisdiction. Plaintiff believes amendment is unnecessary, he may file a memorandum of points and authorities explaining why this is so. The memorandum must not exceed five pages in length, not counting any appended or lodged materials. Regardless of whether Plaintiff amends his Complaint or files a memorandum, he is directed to identify the property at issue and give details of the foreclosure proceedings, including naming the court, identifying the case, and stating whether proceedings are ongoing or have been completed.

Plaintiff must show cause in one of these two ways no later than **21 calendar days from the date this order is issued**. If Plaintiff fails to show cause as ordered, this action will be dismissed without further notice to him.

**IT IS SO ORDERED.**

DATED: May 21, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge